UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Heather Van Tassel, | ) | |
|       Plaintiff, | ) | C.A. No.: 8:08-CV-2872 |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| Palmer, Reifler & Associates, P.A. and | ) | **JURY TRIAL DEMANDED** |
| James R. Palmer, | ) | |
| | ) | |
|       Defendants. | ) | |

## JURISDICTION AND PARTIES

1.      This is an action by an individual seeking damages for Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices, as well as under the South Carolina Unfair Trade Practices Act, South Carolina Code of Laws § 39-5-10, et seq.

2.      The jurisdiction of this Court arises under 28 U.S.C. § 1331 as this is a Federal Question (15 U.S.C. § 1692k(d)), and Supplemental Jurisdiction exists for the pendent state law claim pursuant to 28 U.S.C. § 1367.

3.      Venue in this District and division is proper in that the defendant transacts business here and the conduct complained of occurred here.

## PARTIES

4.      Plaintiff, Heather Van Tassel, is a natural person residing in Pickens County, South Carolina.

5.      Defendant James R. Palmer is an attorney admitted to practice only in the State of Florida, and is a senior partner and founder of the Defendant law firm of Palmer,

Reifler & Associates, P.A. in Orlando, Florida. Defendants regularly attempt to collect debts alleged to be due to another through use of the mails, telephone, and the Court systems of numerous states, including South Carolina. Accordingly, Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Although Plaintiff does not owe any debt directly to Defendant, Plaintiff is a "consumer" as defined in 15 U.S.C. §1692a(3).

### FACTUAL ALLEGATIONS

7. On or about August 17, 2007, Defendant sent Plaintiff a letter asserting that it represented Plaintiff's former employer, that she owed the former employer certain sums, and alleging that these amounts stemmed from a "retail theft incident on 4/29/2005";

8. The letter sent to Plaintiff did not contain the 30-day validation notice required under the law nor did Defendant send Plaintiff notice of her validation rights within five days of the initial communication, both of which are required by the FDCPA;

9. Plaintiff and her former employer were involved in litigation over her termination from employment in the Court of Common Pleas for Pickens County, South Carolina, C.A. No. 2005-CP-39-1842. That matter was amicably resolved in September 2006 and Plaintiff does not owe her former employer ANY monies nor did Plaintiff owe a "civil penalty" as Defendants assert;

### FIRST CLAIM FOR RELIEF
### (Fair Debt Collections Practices Act Violations)

10. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

11. In serving this demand upon Plaintiff for payment of a debt that Plaintiff does not owe, without providing the validation language as required by federal law, Defendants violated 15 U.S.C. §1692e(2) in that it falsely represented the character and amount of the debt owed by Plaintiff.

12. The Defendants further violated 15 U.S.C. §§ 1692e(2) and 1692f(1) in that it misrepresented the character and legal status of the debt and attempted to collect an amount not permitted to be collected by law;

13. The Defendants also violated 15 U.S.C. § 1692g by failing to notify Plaintiff of her validation rights. Such failure would tend to create confusion for a "least sophisticated consumer" about hers/his rights.

14. Further, by threatening to have a summons "sent to the Sheriff or Licensed Process Server for personal service," while knowing that Defendants have no legal basis for pursuing action against the Plaintiff, Defendants utilized unfair or unconscionable collection means and violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law.

15. As a result of the above violations of the FDCPA, Defendants are jointly and severally liable to Plaintiff for all damages naturally flowing from such conduct, including Plaintiff's actual damages, statutory damages, and attorney's fees and costs as permitted by the statute.

## SECOND CLAIM FOR RELIEF
### (Unfair Trade Practices Act)

16. Plaintiff incorporates all prior allegations herein, where not inconsistent, as if fully set forth below;

17. Defendants committed actions that constitute unfair and deceptive methods of doing business that adversely affect the South Carolina general public. These actions are capable of repetition and, in fact, upon information and belief, are being repeated at the time of the filing of this complaint;

18. The actions of the Defendants constitute unfair trade practices for the purposes of the South Carolina Unfair Trade Practices Act, §39-5-20 of the South Carolina Code of Laws, as amended. Accordingly, Plaintiff respectfully requests that the Court, and the triers of fact, award her actual damages, treble damages, and her attorney's fees and costs;

WHEREFORE, Plaintiff respectfully prays that the judgment be entered against the Defendants for:

A. A jury trial on all claims;

B. Actual damages pursuant to the FDCPA and the South Carolina Unfair Trade Practices Act;

C. Statutory damages pursuant to the FDCPA;

D. Treble damages pursuant to the South Carolina Unfair Trade Practices Act;

E. Costs and reasonable attorney's fees pursuant to the FDCPA and the South Carolina Unfair Trade Practices Act;

F. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

s/ Candy M. Kern-Fuller
Candy M. Kern-Fuller, Fed. Bar #9149
**Powdersville Law Group, LLC**
3208 SC Highway 153
Piedmont, South Carolina 29673
864-295-9168
864-295-9170

August 17, 2008               **ATTORNEY FOR PLAINTIFF**