UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Heather Van Tassel, ) | |
| ) | Civil Action No.: 8:08-CV-2872-RBH |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Palmer, Reifler & Associates, P.A. and ) | |
| James R. Palmer, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTON TO DISMISS FRCP 12(b)(6)**

## INTRODUCTION

In this case, the plaintiff is Heather Van Tassel ("Van Tassel") who has brought a suit against the lawyer Defendants, Palmer, Reifler & Associates, P.A. and James R. Palmer (hereinafter known collectively as "PRA"). Van Tassel has sued PRA for the violation of the Fair Debt Collection Practices Act ("FDCPA") and the Unfair Trade Practices Act ("UTPA"). She claims that PRA sent a letter attempting to collect a debt, arising from a retail theft incident, for a client. In doing so, Van Tassel asserts that PRA violated the FDCPA and the UTPA. However, Van Tassel fails to state a claim for which relief can be granted as to either of the Acts. Therefore, the court should dismiss Van Tassel's Suit.

## ARGUMENT

This Court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint does not state factual allegations showing that the right to relief is plausible and above mere speculation. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1995 (2007).

In the Complaint, Van Tassel alleges that PRA violated the FDCPA and the UTPA by sending a letter to her that demanded the recovery of a debt she owed to her former employer that arose from a "retail theft incident on 4/29/2005." (¶ 7). Van Tassel alleges that PRA violated the FDCPA and the UTPA because it sent a letter that did not contain a thirty (30) day validation notice and it then failed to send her a notice of her validation rights within five (5) days after the initial communication. (¶ 8). Van Tassel claims that she does not owe any money to her former employer, including the "civil penalty" that PRA attempted to recover through the letter. (¶ 9).

### I. The Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* applies to consumer debts and not those debts that arise through tort liability.

15 U.S.C. §1692, *et seq.* regulates the practice of collecting consumer debts from debtors by debt collectors. 15 U.S.C. §1692 states that the purpose of the Act is to "eliminate abusive debt collection practices by debt collectors, insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."

The FDCPA prohibits a debt collector from using false, deceptive, or misleading representations in connection with the collection of any debt. 15 U.S.C. §1692e. Such conduct includes making a false representation of the character or amount of the debt owed by the

consumer. 15 U.S.C. §1692e(2)(A). The FDCPA also requires a debt collector to notify the consumer that he has thirty (30) days to dispute the validity of the debt. 15 U.S.C. §1692g(a)(3). This notification must be sent with the initial communication about the debt or within five (5) days after the initial communication is sent. Id.

It is important to note, however, that the FDCPA only applies to debts that are included in the definition of "debt" in the Act. 15 U.S.C. §1692a (5) defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." The definition does not include any debts that are a liability arising from a tort.

The FDCPA was clearly intended to protect consumers who have been extended or offered credit for goods or services. It contemplates an agreement, negotiation or similar transaction between a buyer and seller of goods and services. See Shorts v. Palmer, 155 F.R.D. 172 (S.D. Ohio, 1994)[1]. The FDCPA was never intended to extend to liability arising from a tort claim. See Id. The FDCPA limits the definition of "debt" transactions that are "primarily for personal, family, or household purposes." 15 U.S.C. §1692a (5). Furthermore, courts have specifically held that the FDCPA does not apply to civil demands arising from tort claims, such as theft. See Id., Zimmerman v. H.B.O. Affiliate Group, 834 F.2d 1163 (3rd Cir. 1987), Staub v. Harris, 626 F.2d 275 (3rd Cir. 1980), Corretti v. Lefkowitz, 965 F. Supp 3 (D. Conn. 1997).

---

[1] Shorts v. Palmer is a claim asserting violations of the Fair Debt Collection Practices Act in connection with the attempt to collect a debt for civil damages arising out of an alleged theft. 155 F.R.D. 172 (S.D. Ohio, 1994). The Court held that "[c]ustomer's supposed liability under Ohio statute for civil damages arising out of his alleged theft or attempted theft of cigars was not 'debt' incurred by 'consumer' in transaction which was 'primarily for personal, family, or household purposes,' within meaning of federal Fair Debt Collection Practices Act (FDCPA); accordingly, customer could not recover from merchant for failing to give notices required under the FDCPA in attempting to enforce its civil damages claim." Id.

3

Here, Van Tassel specifically states in her Complaint that PRA was attempting to collect a debt stemming from "a retail theft incident." (¶ 7). The debt which PRA was attempting to collect was a debt that stemmed from a liability arising from the tort of theft. PRA was not trying to collect a debt as contemplated by the FDCPA. 15 U.S.C. §1692a (5), Shorts, 155 F.R.D. at 174-176. Because the letter that PRA sent to Van Tassel did not involve a debt that is regulated by the FDCPA, PRA's actions are not regulated by the FDCPA and, therefore, PRA did not violate the FDCPA. Van Tassel's first claim alleges that PRA violated the FDCPA and because the FDCPA does not regulate the collection of the type of obligation PRA was attempting to recover, she has failed to state a claim for which relief can be granted as to her first claim.

**II.     The Unfair Trade Practices Act, SC Code §39-5-10, is meant to include practices that are not otherwise permitted by statute or regulatory authorities.**

The Unfair Trade Practices Act of South Carolina makes unfair methods of competition and any unfair or deceptive acts or conduct in the conduct of any trade or commerce illegal. SC Code §39-5-20(a). The Act is meant to protect consumers from sales methods that are meant to deceive and trick. Id. Generally, the Act applies to all trade or commerce activity in South Carolina. However, SC Code §39-5-40(a) explains that "actions or transactions permitted under laws administered by any regulatory body or officer acting under statutory authority of this State of the United States or action or transactions permitted by any other South Carolina State law" are to be exempted from coverage under the Act. Stated more clearly, the Unfair Trade Practices

Act does not apply to actions that are otherwise allowed or authorized by statute. See <u>Ward v. Dick Dyer and Associates, Inc.</u>, 304 S.C. 152, 403 S.E.2d 310 (S.C. 1991).

S.C. Code §15-75-40(C) creates a civil penalty for shoplifting from a store or other retail establishment. The statute explains that any adult or emancipated minor who is caught shoplifting owes a civil penalty to the victim. S.C. Code §15-75-40(C). S.C. Code §15-75-40(E) explains that an adjudication of guilt or a guilty plea is not a prerequisite to recovery of the civil penalty. Furthermore, S.C. Code §15-75-40(F) explains that the victim of the theft may demand, in writing, that the shoplifter pay the price of the civil penalty before the commencement of the legal action.

Here, PRA was attempting to recover a civil penalty created under S.C. Code §15-75-40. It attempted to collect this civil penalty from Van Tassel by sending her a demand letter as authorized by S.C. Code §15-75-40(F). Because the actions of PRA were authorized by a South Carolina statute, its actions are exempted from the UTPA. S.C. Code §39-5-40(a). Van Tassel's second claim asserts that PRA violated the UTPA by sending a demand letter to her. However, because PRA's actions are exempted from the UTPA, Van Tassel failed to state a claim for which relief can be granted as to the alleged violation of the UTPA.

## CONCLUSION

Van Tassel has brought two claims alleging that PRA's attempt to collect a debt arising from a "retail theft incident", (¶ 7), violated the FDCPA and the UTPA. However, the civil penalty that PRA was trying to collect is not a "debt" under the FDCPA and is therefore not covered by the FDCPA. <u>Short v. Palmer</u>, 155 *at* 172. Furthermore, the actions taken by PRA were specifically authorized by SC Code §15-75-40(F) and were therefore exempted from

coverage under the UTPA. SC Code §39-5-40(a). PRA's actions are not governed by either of the Acts that Van Tassel claims were violated and, therefore, PRA did not violate either the FDCPA or the UTPA.

Because Van Tassel did not state a claim upon which relief can be granted as to either of her claims, the Court should dismiss both claims with prejudice.

                                    BRUNER, POWELL, ROBBINS, WALL
                                    & MULLINS, LLC

By: /s/ Warren C. Powell, Jr.
      Warren C. Powell, Jr., Fed ID 3138
      P.O. Box 61110
      Columbia, SC 29260
      (803) 254-5710
      wpowell@brunerpowell.com
      *Attorneys for Defendants*

Columbia, South Carolina
October 20, 2008